INÉS POLANCO VIUDA DE CUMPIANO, demandante y apelante, *v.* LA SUCESIÓN DESCONOCIDA DE CÉSAR A. CUMPIANO Y POLANCÓ, Y LA VIUDA IGNORADA DE ÉSTE, demandadas y apeladas.

No. 4195.—*Visto:* Abril 4, 1927.  *Resuelto:* Abril 21, 1927.

1. APELACIÓN Y ERROR—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—DEFECTOS, OBJECIONES, ENMIENDAS Y CORRECCIÓN—DEFECTOS U OMISIONES EN EL RÉCORD—EFECTO EN GENERAL.—El consignar en el *transcript* de apelación constancias o actuaciones del récord de un modo incompleto no impide que el Supremo considere las partes del récord que se alegan omitidas o consignadas de modo incompleto a los efectos de desestimar la apelación.

2. APELACIÓN Y ERROR—DESESTIMACIÓN, RETIRO Y ABANDONO—DE LAS MOCIONES DE DESESTIMACIÓN—SUBSANACIÓN DE LOS DEFECTOS U OMISIONES EN EL RÉCORD ANTES DE LA VISTA DE AQUÉLLAS.—Cuando en el *transcript* de autos se consignan constancias o actuaciones en forma incompleta y solicitada la desestimación ya aquéllas han sido adicionadas al récord por el apelado, no cabe desestimar.

3. APELACIÓN Y ERROR—REQUISITOS Y PROCEDIMIENTOS PARA ELEVAR LA CAUSA—PAGO DE DERECHOS, COSTAS Y FIANZAS U OTRAS GARANTÍAS—DERECHOS POR CERTIFICACIÓN DEL *Transcript* DE APELACIÓN—FALTA DE PAGO Y EFECTO.—Certificada la transcripción de autos por el secretario la omisión de pagar los derechos en la proporción correspondiente hace nula y sin ningún valor la transcripción así certificada.

4. APELACIÓN Y ERROR—REQUISITOS Y PROCEDIMIENTOS PARA ELEVAR LA CAUSA—PAGO DE DERECHOS O COSTAS Y FIANZAS U OTRAS GARANTÍAS—DERECHOS POR CERTIFICACIÓN DEL *Transcript* DE APELACIÓN—FALTA DE PAGO Y EFECTO.—Cuando la transcripción de autos se certifica por el secretario y no se cancelan los derechos en el montante que fija la ley, procede desestimar la apelación a moción de parte si transcurrido ya el término para radicar el *transcript* no se ha cumplido con dicho requisito.

Moción sobre desestimación de apelación, entablada ésta contra sentencia de *E. S. Mestre,* J. (Aguadilla), en pleito sobre cobro de dinero. *Desestimada la apelación.*

*García Méndez & García Méndez,* abogados de la apelante; *Federico Acosta Velarde,* abogado de las apeladas.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

La parte apelada solicita la desestimación del recurso: primero, porque los autos que se han elevado a esta corte no contienen una transcripción fiel y exacta de todos los documentos que constituyen el legajo de la sentencia; y segundo, porque aun admitiendo que la transcripción fuese correcta, ella es nula por cuanto la certificación que hace el secretario no lleva adheridos los sellos correspondientes de rentas internas que fija la ley.

Este caso es una acción en cobro de dinero. Se pidió y decretó el embargo de bienes de los demandados; éstos fueron citados por edictos y su rebeldía fué anotada. Se practicó prueba ante la corte inferior y ésta finalmente declaró con lugar la demanda.

La parte apelada pidió luego que se dejara sin efecto la sentencia y se abriera la rebeldía, fundándose en que la corte nunca había adquirido jurisdicción sobre los demandados. La corte dictó resolución declarando nula y sin ningún valor la sentencia y de esta declaración apeló la demandante.

[1, 2] La transcripción de autos está certificada por el secretario y contiene un extracto o relación de ciertas diligencias y certificación literal de la mayor parte de las actuaciones del procedimiento habidas en la corte inferior. En tal forma preparada la transcripción de autos, la parte apelada sostiene que está incompleta.

Como regla general el apelante está obligado a hacer consignar en el récord aquella parte de las constancias y actuaciones que él considere esencial a los fines de la apelación. Esto no impide, sin embargo, que nosotros podamos conside-

rar las partes del récord que se alegan que han sido omitidas o consignadas de un modo incompleto en la transcripción, a los efectos de desestimar una apelación. Véanse los casos de *Martínez et al.* v. *Martínez,* 29 D.P.R. 542, y *Cardé* v. *Echeandía,* 17 D.P.R. 319. Como cuestión de hecho el récord en este caso ha sido adicionado a instancia de la parte apelada en aquellas diligencias que aparecen certificadas en relación por el secretario.

[3, 4] El segundo motivo alegado por la parte apelada es el de mayor trascendencia.

La Ley No. 17, aprobada en marzo 11, 1915, en sus secciones 2ª y 6ª dice como sigue:

"Sec. 2. El arancel de los derechos que se han de pagar en lo sucesivo por las operaciones de los secretarios . . . será el siguiente:

&ast;        &ast;        &ast;        &ast;        &ast;        &ast;        &ast;

"P. Por cada certificación bajo sello . . . 0.25

"Q. Por expedir copia de cualquier documento obrante en autos, inclusive su certificación cuando ésta sea requerida, por cada folio . . . . 0.20

&ast;        &ast;        &ast;        &ast;        &ast;        &ast;        &ast;

"6. Todos y cada uno de los documentos o escritos que por esta Ley se requiere lleven un sello o sellos de rentas internas serán nulos y sin valor y no se admitirán como prueba en juicio a menos que dichos sellos hayan sido fijados a los mismos."

En este caso a un lado de la certificación de los autos, el secretario aparece cancelando un sello de rentas internas por valor de $0.25, aplicándose la letra P de la sección 2 antes citada. Se trata de la copia de un récord integrado por la copia de varias constancias o actuaciones judiciales para servir de base a una apelación, y es cuestión que no puede levantar la más leve duda que los derechos debieron pagarse de acuerdo con el apartado letra Q de la misma sección.

La sección 6 declara nula y sin ningún valor la transcripción de los autos así certificada, por omitirse el pago en sellos de rentas internas en la proporción correspondiente. En el caso de *Delgado* v. *Cárdenas,* 34 D. P. R. 240, se dice que el

caso debe regularse por el de *Nazario* v. *Santos*, 27 D. P. R. 89, citándose también el de *Paz* v. *Bonet*, 30 D. P. R. 927, y declara que cuando a un escrito de apelación no se acompañan los sellos de rentas internas correspondientes, el escrito es nulo, procediendo desestimar la apelación interpuesta si no se ha cumplido con dicho requisito antes de vencido el término para apelar.

La parte apelante alega, no obstante, que en el presente caso no se trata de un término jurisdiccional y llama a la discreción de esta corte para que se le permita subsanar el defecto adhiriendo a la certificación del secretario los sellos de rentas internas por el valor que corresponda. Sin embargo, la sección 6 de la Ley No. 17 de 1915 establece una sanción fiscal de carácter imperativo. El efecto de la omisión de pagar los derechos en sellos de rentas internas en el montante que fija la ley, es el mismo que si la transcripción no se hubiera radicado ante esta corte.

No existiendo, por tanto, base para la apelación, *debe declararse la moción de la parte apelada con lugar y desestimarse el recurso.*