José Facundo Cintrón, et als., demandantes y apelantes, *v.* Yabucoa Sugar Company, demandada y apelada.

Núm. 7629.—*Sometido:* Diciembre 6, 1937. *Resuelto:* Diciembre 16, 1937.

*C. Coll Cuchí, Francisco Parra Capó* y *F. Zapater,* abogados de los apelantes; *González Fagundo & González, Jr.,* abogados de la apelada.

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

La apelada solicita la desestimación del presente recurso basada en que los sellos de rentas internas requeridos por la ley no fueron adheridos a la exposición del caso. En carta dirigida a los abogados de los apelantes, el secretario de la corte de distrito hizo constar que aparte de la exposición del caso, el legajo de la sentencia constaba de 161 folios y la exposición del caso de 433, o sea de un total de 594 folios, los que a razón de 40 centavos el folio impor-

taban $237.60. Se adhirieron y cancelaron sellos de rentas internas hasta tal cantidad. El secretario también informó a los letrados de los apelantes que dos empleados de su oficina habían convenido en cotejar una copia del legajo de la sentencia, incluyendo una copia de la exposición del caso, fuera de horas de oficina, por $50. Un cheque por esta última suma fué enviado al secretario. La contención de la apelada es que el legajo de la sentencia contiene 240,000 palabras, es decir, 2,400 folios.

El inciso Q del arancel de los derechos que deberán pagarse a los secretarios y márshals de las cortes de distrito especifica 20 centavos por folio. (Leyes de 1915, núm. 17, pág. 46.) La sección 6 de la ley provee:

"Todos y cada uno de los documentos o escritos que por esta Ley se requiere lleven un sello o sellos de rentas internas serán nulos y sin valor y no se admitirán como prueba en juicio a menos que dichos sellos hayan sido fijados a los mismos."

En *Nazario* v. *Santos*, 27 D.P.R. 89, resolvimos que un escrito de apelación sin sellos de rentas internas adheridos era nulo. En *Paz* v. *Bonet*, 30 D.P.R. 927, los sellos fueron adheridos unos tres meses después de radicarse el escrito de apelación. Esta corte dijo:

"En tales condiciones no podía sostenerse que la apelación se había perfeccionado, a pesar de la presentación del escrito de apelación y de su notificación a la otra parte. Como en la fecha en que se pagaron los derechos de apelación había expirado con exceso el derecho de apelar de la resolución denegando un nuevo juicio, no es posible que se pueda admitir que el tardío pago de tales derechos podía haber revivido un derecho que había sido extinguido fatalmente por la expiración del término para apelar."

Estos casos fueron seguidos en *Delgado* v. *Cárdenas*, 34 D.P.R. 240, y en *Polanco* v. *Sucesión Cumpiano*, 36 D.P.R. 603. En el caso de Polanco, así como en los que lo precedieron, no se cancelaron sellos algunos. No se hizo ningún esfuerzo para cumplir con la ley. Aparentemente no se solicitó autorización para radicar dentro de un nuevo término,

a ser concedido por esta corte, una transcripción con los sellos necesarios. Pasando por alto la importante diferencia existente entre el período estatutario dentro del cual debe perfeccionarse una apelación y el término dentro del cual debe radicarse una transcripción en esta corte, en la página 606 este tribunal se expresó en la siguiente forma en relación con la facultad nuestra para conceder un nuevo término bajo ciertas circunstancias:

"La parte apelante alega, no obstante, que en el presente caso no se trata de un término jurisdiccional y llama a la discreción de esta corte para que se le permita subsanar el defecto adhiriendo a la certificación del secretario los sellos de rentas internas por el valor que corresponda. Sin embargo, la sección 6 de la Ley No. 17 de 1915 establece una sanción fiscal de carácter imperativo. El efecto de la omisión de pagar los derechos en sellos de rentas internas en el montante que fija la ley, es el mismo que si la transcripción no se hubiera radicado ante esta Corte.

"No existiendo, por tanto, base para la apelación, debe declararse la moción de la parte apelada con lugar y desestimarse el recurso."

En *Salas* v. *Baquero,* 47 D.P.R. 108, 113, esta corte, interpretando el artículo 6 de la ley, dijo:

"Es ésta una especie de penalidad que se impone para evitar fraudes al Pueblo de Puerto Rico, que en todo caso sería la parte realmente perjudicada, y la que tendría mayor autoridad para querellarse cuando se dejen de cancelar los sellos requeridos por el arancel. Las palabras de la ley, si se siguen al pie de la letra, no parecen dejar campo a la interpretación judicial. Sin embargo, puede darse el caso de que un funcionario de una corte, inadvertidamente, sin intervención de la parte y sin intención de defraudar, deje de cancelar algún sello en determinado documento o cancele una cantidad menor de la requerida por la ley. Supongamos que algún tiempo después de radicada una alegación o de terminada una actuación judicial, el funcionario advierte la omisión, y la parte, a su ruego, cubre el déficit y subsana el error, ¿debe considerarse nulo *ab initio* el documento por el hecho de que se haya incurrido involuntariamente en una omisión? Si el propósito de la ley es proteger los derechos del estado y evitar fraudes al erario público, no parece lógico que una vez cubiertos los derechos, una parte que en nada se perjudica pueda

aprovecharse del error alegando que la actuación judicial es nula desde su origen. A nuestro juicio la actuación judicial que adolece de este defecto puede ser anulable, pero no es nula *per se*. Un error de esta naturaleza debe poder subsanarse por la parte a quien corresponde el pago del arancel.''

En *Acevedo* v. *Domenech*, 49 D.R.R. 138, 140, resolvimos que la transcripción de autos no requiere sellos de rentas internas, pero también dijimos que aun si no fuera así, esta corte hubiese tenido la facultad de conceder un nuevo término para adherir los sellos necesarios.

Los hechos del presente caso lo hacen caer dentro de la regla establecida en *Salas* v. *Baquero* y en *Acevedo* v. *Domenech*. Cuando el abogado de los apelantes envió al secretario de la corte de distrito sellos de rentas internas por la cantidad que indicaba el estimado oficial del secretario, creemos que hizo todo cuanto debía hacer. En ausencia de algo que sugiera fraude o colusión, la apelación no debe ser desestimada sumariamente por el solo hecho de haber el secretario cometido un error al calcular el importe de sus honorarios de acuerdo con la ley. Aun si estuviéramos convencidos de que la apelada tiene razón en su estimado y de que el secretario estaba equivocado, vacilaríamos en desestimar la apelación meramente porque el secretario fijó como importe de sus honorarios una suma menor que la fijada por la ley. El secretario, si hemos de considerar su estimado literalmente, parece haber contado cada página escrita a máquina como un folio y haber calculado sus honorarios a razón de 40 centavos por folio, que es el doble de la cantidad especificada en el arancel estatutario. La apelada, por otra parte, asume que un folio consiste de cien palabras, pero en su moción no nos ha indicado ninguna definición estatutaria al efecto. Si se citó alguna durante la argumentación oral, la misma se ha escapado a nuestra atención. Igualmente puede decirse con respecto al método por el cual la apelada llegó a su estimado de 240,000 palabras.

Asumiendo para los fines de la argumentación que la moción para desestimar presenta una controversia justiciable, y, asumiendo además, que ella no era prematura por no estar precedida de una moción para eliminar la transcripción, no estamos preparados para decir que la apelada esté claramente en lo cierto y que el secretario de la corte de distrito estuvo enteramente equivocado en su estimado de la suma que debía cancelar en concepto de honorarios.

*Debe declararse sin lugar la moción.*

Los Jueces Presidente Señor del Toro y Asociado Señor Córdova Dávila no intervinieron.