

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| M-Care Compounding Pharmacy / M-Care Medical Supply, Inc.<br><br>Island Infusion Pharmacy, Inc.<br><br>SPS Speciality Pharmacy Services, Inc.<br><br>Vision Infusion Services, Inc.<br><br>Optima Infusion Pharmacy, Inc.<br><br>Special Care Pharmacy Services, Inc.<br><br>    Peticionarios<br><br>        v.<br><br>Departamento de Salud p/c Hon. Lorenzo González Feliciano<br><br>    Agencia-Recurrida<br><br>Asociación de Enfermería Visitante Gregoria Auffant, Inc.<br><br>    Recurridos | Certiorari<br><br>2012 TSPR 116<br><br>186 DPR \_\_\_\_ |

Número del Caso: CC-2011-927
                 cons.
                 CC-2011-845


Fecha: 11 de julio de 2012


Tribunal de Apelaciones:

         Región Judicial de San Juan


CC-2011-927

Abogados de la Parte Peticionaria:

                 Lcdo. Charles A. Rodríguez Colón
                 Lcdo. Nelson Robles Díaz

Abogado de la Parte Recurrida:

                 Lcdo. Germán J. Brau

**CC-2011-845**

Abogados de la Parte Peticionaria:

Lcdo. Charles A. Rodríguez Colón
Lcdo. Nelson Robles Díaz

Abogado de la Parte Recurrida:

Lcdo. Germán J. Brau


Materia: Procedimientos Apelativos – Presentación conjunta del recurso para revisar resoluciones administrativas; pago de derechos; consolidación de casos

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| M-Care Compounding Pharmacy / M-Care Medical Supply, Inc.<br><br>Island Infusion Pharmacy, Inc.<br><br>SPS Speciality Pharmacy Services, Inc.<br><br>Vision Infusion Services, Inc.<br><br>Optima Infusion Pharmacy, Inc.<br><br>Special Care Pharmacy Services, Inc.<br><br>    Peticionarios<br><br>v.<br><br>Departamento de Salud p/c Hon. Lorenzo González Feliciano<br><br>    Agencia-Recurrida<br><br>Asociación de Enfermería Visitante Gregoria Auffant, Inc.<br><br>    Recurridos | CC-2011-927<br><br>Cons.<br><br>CC-2011-845 | Certiorari |

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

En San Juan, Puerto Rico, a 11 de julio de 2012.

En esta ocasión nos corresponde determinar si procede la presentación de varios recursos de revisión en conjunto, para revisar resoluciones administrativas distintas y, además, pagar un solo arancel. Por considerar que los recursos de revisión se debieron

presentar por separado y con la cancelación de los respectivos aranceles, contestamos en la negativa. Una vez presentados los recursos, el Tribunal de Apelaciones podía *motu proprio* o a solicitud de parte ordenar la consolidación de estos.

## I.

La controversia en los casos de autos está centrada en el aspecto procesal, por ende, nos limitaremos a exponer los hechos incontrovertidos y pertinentes a dicho aspecto.

### A. Caso CC-2011-845

El 8 de abril de 2011 el Departamento de Salud emitió dos resoluciones como resultado de dos procedimientos administrativos separados, en los que varias farmacias solicitaron Certificados de Necesidad y Conveniencia (CNC) para la operación de servicios de infusión. A través de las referidas resoluciones, el Departamento de Salud otorgó los CNC a seis farmacias para establecer programas de salud en el hogar en el noreste de Puerto Rico. Las seis farmacias son: M-Care Compounding Pharmacy/M-Care Medical Supply, Inc., Island Infusion Pharmacy, Inc., SPS Specialty Pharmacy Services, Inc., Vision Infusion Services, Inc., Optima Infusion Pharmacy, Inc. y Special Care Pharmacy Services, Inc.

El 29 de abril de 2011 la parte opositora a la concesión de los mencionados CNC, Best Option Healthcare Puerto Rico (Best Option), presentó una solicitud de

reconsideración ante el Secretario del Departamento de Salud para cada una de las dos resoluciones recurridas. Sin embargo, el 8 de agosto de 2011 el Secretario denegó ambas solicitudes de reconsideración, notificado el 10 de agosto del mismo año.

La Asociación de Enfermería Visitante Gregoria Auffant, Inc. (Asociación) y el Programa de Servicios de Salud en el Hogar Géminis (Géminis), quienes alegan ser partes afectadas por estar localizadas en la misma área de las farmacias a las que se le otorgaron los CNC, presentaron el 23 de agosto de 2011 un recurso en conjunto ante el Tribunal de Apelaciones para revisar las dos resoluciones del Departamento de Salud. En ese escrito, la Asociación y Géminis (las apelantes) solicitaron al foro apelativo intermedio que aceptara la referida solicitud en conjunto, pues la presentación separada de los recursos "sería en extremo onerosa" para ellas.[1] Alegaron que el Reglamento del Tribunal de Apelaciones no requiere que se solicite permiso para la presentación conjunta de recursos. Por otro lado, aunque la Asociación y Géminis señalaron haber acompañado junto a la moción el arancel adicional que correspondería si "cada controversia cancelara un arancel separado", no surge del expediente evidencia del pago de aranceles adicionales.[2]

---

[1] Apéndice del Recurso de *certiorari*, pág.19.

[2] Íd.

Por su parte, Optima Infusion Pharmacy, Inc. (Optima) y Vision Infusion Services, Inc. (Vision) se opusieron a la *Solicitud de Revisión* de la Asociación y Géminis, ya que alegaron que éstas consolidaron *motu proprio* la revisión de dos resoluciones distintas en un solo recurso sin cumplir con lo dispuesto en la Regla 38.1 de Procedimiento Civil, 32 L.P.R.A. Ap. V y la Regla 80.1 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B. Además, argumentaron que la Asociación y Géminis no cumplieron con la cancelación de la totalidad de los aranceles requeridos para la presentación del recurso de revisión. Ello, debido a que en vista de que la Asociación y Géminis debieron presentar dos recursos de revisión por separado -uno por cada resolución administrativa- estas venían obligadas a cancelar aranceles por cada uno. En ese caso, la Asociación y Géminis pagaron por la presentación de un solo recurso. Por consiguiente, Optima y Vision solicitaron al Tribunal de Apelaciones que desestimara la *Solicitud de Revisión* de la Asociación y Géminis por falta de jurisdicción, ya que era improcedente la presentación de los recursos de forma conjunta.

Así las cosas, el Tribunal de Apelaciones emitió una *Resolución* el 28 de septiembre de 2011 en la que denegó la solicitud de desestimación de Optima y Vision. El foro apelativo intermedio fundamentó su determinación en la Regla 38.1 de Procedimiento Civil, *supra*, y en las Reglas

17 y 80.1 del Reglamento del Tribunal de Apelaciones, *supra*. Ese foro concluyó que en su recurso de revisión la Asociación y Géminis propusieron implícitamente la consolidación de las dos determinaciones administrativas cuestionadas. Además, señaló que esas dos resoluciones versan esencialmente sobre la misma controversia, es decir, "si las entidades solicitantes cumplieron cada una con los requisitos estatutarios y reglamentarios establecidos para la concesión de un CNC".[3] Dicho foro, también indicó que el lenguaje dispositivo en ambas resoluciones es esencialmente el mismo. De igual manera, el Tribunal de Apelaciones mencionó que en la *Solicitud de Revisión* presentada por la Asociación y Géminis se consignó como aplicable a todas las solicitudes de concesión de los CNC los mismos señalamientos de error.[4] Así, pues, el Tribunal de Apelaciones autorizó la consolidación de las dos resoluciones administrativas cuestionadas por entenderlo conveniente para la economía procesal. Al concluir de esta manera, el foro apelativo intermedio no entró a discutir la controversia de la falta de pago de aranceles.

Inconformes con la determinación del Tribunal de Apelaciones, el 19 de octubre de 2011 Optima y Vision presentaron una *Petición de certiorari* ante este Tribunal. En la referida *Petición* nos solicitan que revoquemos la Resolución que emitió el Tribunal de

---

[3] Íd., pág. 7.

[4] Íd., pág. 9.

Apelaciones el 28 de septiembre de 2011 y desestimemos la *Solicitud de Revisión* que presentaron la Asociación y Géminis. Señalaron como error que dicho foro permitió a la Asociación y a Géminis presentar una sola solicitud de revisión al consolidar *motu proprio* la revisión administrativa de dos resoluciones del Departamento de Salud. Además, indicaron que erró el Tribunal de Apelaciones al no atender el planteamiento de Optima y Vision respecto al incumplimiento con el pago de aranceles requeridos por Ley. Optima y Vision argumentan que lo anterior tiene como consecuencia que la presentación del recurso de revisión de las recurridas se hiciera fuera del término jurisdiccional.

Ese mismo día, Optima y Vision comparecieron ante este Tribunal mediante moción en auxilio de jurisdicción, para que se paralizaran los procedimientos en el Tribunal de Apelaciones hasta tanto este Tribunal adjudicara la *Petición de certiorari*. El 26 de octubre de 2011 emitimos una Resolución, en auxilio de nuestra jurisdicción, en la que ordenamos la paralización de los procedimientos ante el Tribunal de Apelaciones. Además, le concedimos a la Asociación y Géminis un término de veinte (20) días para que comparecieran y mostraran causa por la cual no debíamos revocar la Resolución dictada por el Tribunal de Apelaciones. El 2 de noviembre de 2011, la Asociación y Géminis presentaron su escrito en cumplimiento de nuestra orden.

**B. Caso CC-2011-0927**

En la misma fecha en que se emitieron las primeras resoluciones, el Departamento de Salud emitió otras cuatro resoluciones adicionales en las que concedió, en cuatro procedimientos separados, doce CNC para la operación de servicios de infusión en el hogar a otras farmacias. Nuevamente, la Asociación presentó ante el Tribunal de Apelaciones un solo escrito, pero esta vez para revisar esas cuatro resoluciones.

En esa ocasión, las farmacias: SPS Specialty Pharmacy Services, Inc. (SPS), Vision Infusion Services, Inc. (Vision), Optima Infusion Pharmacy, Inc. (Optima) y Island Infusion Pharmacy, Inc. (Island) solicitaron también, cada una por separado, la desestimación del recurso de revisión presentado por la Asociación por no haberse perfeccionado conforme a derecho dentro del término jurisdiccional establecido en ley. Ellos alegaron que en un solo recurso no se pueden revisar cuatro resoluciones dictadas por el foro administrativo, en cuatro procedimientos distintos que no fueron consolidados por la agencia, sin obtener la autorización previa del tribunal. Además, argumentaron que no se cumplían los requisitos para la consolidación y que la Asociación no cumplió con el pago de los aranceles correspondientes al momento de la presentación.

Las farmacias señalaron que la Asociación tenía que presentar los recursos por separado y después solicitar

al tribunal la consolidación. Se ampararon en que la Regla 80.1 del Reglamento del Tribunal de Apelaciones no permite a las partes la consolidación de los casos sin la previa autorización del tribunal. Además, expresaron que en la presentación de la solicitud de revisión únicamente se cancelaron los aranceles correspondientes a un solo recurso, que la Asociación estaba obligada al pago de aranceles por cada resolución, y que dicha insuficiencia privaba al Tribunal de Apelaciones de jurisdicción para atender el recurso.

El mismo panel del Tribunal de Apelaciones que emitió la resolución del caso CC-2011-845 emitió una Resolución el 18 de octubre de 2011, en la que declaró no ha lugar las mociones de desestimación presentadas por las farmacias: SPS, Vision, Optima y Island. El Tribunal de Apelaciones fundamentó su determinación en los casos de Crespo Quiñones v. Santiago Velázquez,[5] en Vives Vázquez v. ELA,[6] y en la Regla 80.1 del Reglamento del Tribunal de Apelaciones.[7] Señaló que "[p]ara que prospere la consolidación se exige que los casos presenten cuestiones comunes de hechos o derecho, y que estos estén pendientes ante el tribunal. Nuestro sistema judicial unificado solo requiere que los casos a consolidarse se

---

[5] 176 D.P.R. 408 (2009).

[6] 142 D.P.R. 117 (1996).

[7] 4 L.P.R.A. Ap. XII-B.

hayan presentado y su trámite esté pendiente ante alguna de las salas del Tribunal de Primera Instancia."[8]

El foro apelativo intermedio indicó además que la finalidad de la consolidación es evitar la proliferación de acciones, lograr la economía procesal y evitar la indeseable probabilidad de que surjan fallos incompatibles relacionados con un mismo incidente. De igual forma, concluyó que se cumplieron todos los fines y requisitos para la consolidación, ya que todos los casos presentaban cuestiones comunes de hechos y de derecho.

Por otro lado, el Tribunal de Apelaciones entendió que al resolver la procedencia de la consolidación era innecesario atender el planteamiento de que la Asociación y Géminis incumplieron con el pago de la totalidad de los aranceles establecidos por ley para la presentación del recurso. Sin embargo, expresó que aunque esta tuviera que pagar aranceles por cada una de las resoluciones recurridas, esa diferencia no ocasiona *ipso facto* la nulidad del recurso.

Inconformes con esa determinación, las farmacias presentaron una *Petición de Certiorari* ante este Tribunal. En su petición, estas solicitaron que revoquemos la Resolución emitida por el Tribunal de Apelaciones el 18 de octubre de 2011 y desestimemos en su totalidad la Solicitud de Revisión presentada por la Asociación ante el foro apelativo intermedio. Estas

---

[8] Apéndice del Recurso de *certiorari*, pág. 9.

alegaron que erró el Tribunal de Apelaciones al permitir que la Asociación presentara una Solicitud de Revisión, consolidando *motu proprio* los recursos de Revisión Administrativa de cuatro resoluciones del Departamento de Salud relacionadas con la otorgación de doce solicitudes de CNC diferentes y de dos regiones de Salud distintas. Señalan que de esa manera le permitieron erróneamente acceso a la jurisdicción del Tribunal. Además, señalaron que erró el foro apelativo al no atender el planteamiento de las farmacias sobre el incumplimiento de la Asociación con el pago de aranceles requeridos por ley, lo que tuvo como consecuencia la presentación de su Recurso fuera del término jurisdiccional.

Examinada la *Petición de Certiorari* presentada por las farmacias, el 21 de noviembre emitimos una Resolución ordenando la consolidación del presente caso CC-2011-927 con el caso CC-2011-845. Además, le concedimos a la Asociación y a Géminis un término de 20 días para que comparecieran y mostraran causa por la cual no se deba revocar la Resolución dictada por el Tribunal de Apelaciones.

En respuesta, la Asociación presentó un escrito titulado *Moción en reacción a orden de consolidación* en el cual nos solicita que deneguemos el recurso presentado por la parte opositora. Esta alegó que permitir a las partes, en situaciones apropiadas, presentar sus apelaciones de forma conjunta produce un ahorro en los

costos de litigio y que el extender el mecanismo de apelaciones conjuntas a las revisiones administrativas no conlleva perjuicio para el Tribunal de Apelaciones. Luego de evaluar los planteamientos de ambas partes, expedimos y procedemos a resolver.

## II.

### A. Recursos conjuntos y consolidaciones.

El Reglamento del Tribunal de Apelaciones está dirigido, entre otras cosas, a ofrecer un acceso fácil, económico y efectivo al tribunal y a promover la efectiva, rápida y uniforme adjudicación de los casos.[9] Es por eso que dicho reglamento provee mecanismos que facilitan la solución de controversias como lo son las apelaciones conjuntas y la consolidación de apelaciones, así como de los recursos sobre sentencias, órdenes o resoluciones.

Respecto a las apelaciones conjuntas y consolidaciones en casos civiles,[10] la Regla 17 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XII B, dispone lo siguiente:

> Si dos o más personas tuvieren derecho a apelar una sentencia y sus derechos fueren tales que la acumulación fuere factible, podrán presentar un escrito de apelación conjunto y

---

[9] Regla 2, Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B.

[10] Además, la Regla 25 del Reglamento del Tribunal de Apelaciones, Íd., dispone respecto a casos criminales que: Si dos o más personas tuvieren derecho a apelar una sentencia y sus derechos fueran tales que la acumulación fuere factible, podrán presentar un escrito de apelación conjunto y podrán comparecer subsiguientemente como una sola parte apelante. Las apelaciones de una sentencia podrán ser consolidadas por orden del Tribunal de Apelaciones expedida por iniciativa propia o a solicitud de parte.

podrán comparecer subsiguientemente como una sola parte apelante. Las apelaciones de una sentencia podrán ser consolidadas por orden del Tribunal de Apelaciones, expedida por iniciativa propia, a solicitud de parte o por estipulación de quienes sean partes en distintas apelaciones.

La Regla 17 presenta dos mecanismos disponibles en los casos civiles: la presentación de apelaciones conjuntas y la consolidación de apelaciones. Las apelaciones conjuntas requieren el cumplimiento de tres requisitos esenciales: (1) que hayan dos o más personas que tengan derecho a apelar; (2) lo que se pretende apelar es una misma sentencia; y (3) que la acumulación procedería de acuerdo a los derechos de las partes. Respecto al primer requisito, cada una de las personas que estén interesadas en presentar una apelación conjunta tiene que poseer el derecho a apelar individualmente. El segundo requisito requiere que el derecho a la apelación surja de una misma sentencia. No permite a las partes acumular en un recurso, las apelaciones de más de un dictamen. Y finalmente, el tercer requisito establece que las partes tienen que poseer derechos acumulables. Es decir, sus posiciones no pueden colocarlas en posturas antagónicas o incompatibles entre ellas mismas. Una vez se cumple con lo establecido en la Regla 17, entonces, las personas interesadas podrán someter un solo escrito de apelación y comparecer como la parte apelante.

Lo fundamental en el proceso de apelaciones conjuntas reside en que no está supeditado a la

autorización del tribunal. Por ende, al ser una acción sujeta a la sola voluntad de las partes, se limita a la observancia estricta de los tres criterios mencionados. Ello, promueve el acceso al foro apelativo y hace menos oneroso el proceso. Además, con el cumplimiento de los tres criterios el tribunal tiene la garantía de que con la apelación conjunta se atiendan controversias sobre una misma sentencia y derechos e intereses acumulables.

Por su parte, el mecanismo de consolidación requiere: 1) que se hayan presentado dos o más apelaciones sobre una sentencia, y 2) que el Tribunal de Apelaciones emita una orden al respecto. La Regla 17 establece, además, que dicha orden puede expedirse: a iniciativa del Tribunal, cuando alguna de las partes lo solicita, o si así lo estipulan aquellos que sean partes en las distintas apelaciones. Contrario a las apelaciones conjuntas, la consolidación requiere la autorización del tribunal. Es el tribunal el que determinará si la consolidación procede.

Respecto al mecanismo de consolidación, hemos expresado anteriormente que un tribunal debe analizar si de acuerdo a las circunstancias particulares del caso la consolidación promueve la buena administración de la justicia, la aceleración en la resolución de disputas y la reducción en los costos de la litigación.[11] Además, el tribunal debe evaluar "si la consolidación tiende a

_____

[11] Vives Vázquez v. E.L.A., 142 D.P.R. 117, 125-126 (1996).

evitar resultados incompatibles entre las distintas disputas que presenten cuestiones similares de hecho o de derecho".[12] El tribunal tomará en cuenta todas estas consideraciones porque a diferencia de las apelaciones conjuntas, las consolidaciones no están limitadas a apelaciones sobre una misma sentencia. Por consiguiente, el tribunal es el que está en mejor posición para determinar cuáles casos necesitan ser consolidados.

Así, una vez se realiza "una determinación judicial inicial sobre una solicitud de consolidación, efectuada luego de un análisis ponderado de la totalidad de las circunstancias de los casos cuya consolidación se solicita, merecerá gran deferencia por parte del tribunal que la revise".[13] Además, hemos señalado que esa determinación "[s]olo será alterada cuando se haya omitido considerar algún factor importante o cuando de alguna otra forma se incurra en un abuso de discreción".[14] Es por ello que los tribunales tienen discreción para ordenar la consolidación de dos o más recursos, y esa determinación merecerá deferencia por parte del tribunal que la revise si fue efectuada luego de un análisis ponderado.[15]

Por otro lado, en cuanto a los demás recursos, la

---

[12] Hosp. San Fco., Inc. v. Sria. de Salud, 144 D.P.R. 586 (1997); Vives Vázquez v. E.L.A., *supra*, pág. 136.

[13] Vives Vázquez v. E.L.A., *supra*, pág. 142.

[14] Hosp. San Fco., Inc. v. Sria. de Salud, *supra*, pág. 594; Vives Vázquez v. E.L.A., *supra*.

[15] Hosp. San Fco., Inc. v. Sria. de Salud, *supra*.

Regla 80.1 del Reglamento del Tribunal de Apelaciones, *supra*, explica que "**[l]os recursos sobre una sentencia, orden o resolución** podrán ser consolidados por orden del Tribunal de Apelaciones expedida por iniciativa propia o a solicitud de parte". (Énfasis nuestro). A diferencia de la Regla 17, la Regla 80.1 permite la <u>consolidación de recursos</u> sobre una sentencia, orden o resolución. La consolidación de recursos procede de la misma manera que en las apelaciones. Por lo tanto, será el Tribunal de Apelaciones quien tendrá que emitir la orden para que el recurso quede consolidado, ya sea por iniciativa propia o a solicitud de parte.

Ahora bien, el Reglamento del Tribunal de Apelaciones no dispone nada con relación a la presentación de otros tipos de recursos de manera conjunta, tal y como hace con las apelaciones. Sin embargo, nada impide que por analogía se permita la presentación de otros tipos de recursos de forma conjunta. Si el procedimiento de consolidación de recursos procede de la misma manera que en las apelaciones, de igual forma debería ocurrir con los recursos conjuntos. Es decir, las partes con derechos e intereses acumulables pueden presentar recursos conjuntos para revisar <u>una misma resolución u otra determinación judicial o administrativa que sea revisable</u>.

## B. El pago de derechos y cargos en el Tribunal General de Justicia.

Como se sabe, entre las condiciones dispuestas en nuestro ordenamiento para perfeccionar cualquier recurso se encuentra el pago de los aranceles de presentación. El requisito de pagar esos aranceles y de adherir los sellos de rentas internas a todo escrito judicial busca cubrir los gastos asociados a los trámites judiciales.[16] A esos efectos, el Código de Enjuiciamiento Civil establece las disposiciones correspondientes sobre el pago de los aranceles. Cónsono con lo anterior, la Ley Núm. 47-2009,[17] según enmendada, modificó varias de esas disposiciones del Código de Enjuiciamiento Civil y estableció los nuevos derechos que deben pagar los ciudadanos para tramitar acciones civiles en los tribunales, así como otros servicios en las respectivas dependencias judiciales.[18]

La Ley Núm. 47-2009 tiene como política pública formular e implantar iniciativas que le permitan a la Rama Judicial alcanzar sistemas administrativos y operacionales de vanguardia para garantizar el sistema accesible y ágil que se espera.[19] Uno de los cambios más significativos que introdujo dicho estatuto es el establecimiento de un nuevo sistema de pago. Para

---

[16] Gran Vista I v. Gutiérrez y otros, 170 D.P.R. 174, 188 (2007).

[17] 32 L.P.R.A. sec.1477 et seq. (Sup. 2011).

[18] Íd.

[19] Exposición de Motivos, Ley Núm. 47-2009, Leyes de Puerto Rico de 2009.

simplificar el proceso, por ejemplo, se estableció un pago único en la primera comparecencia de cada parte en causas civiles presentadas ante el Tribunal de Primera Instancia, el Tribunal de Apelaciones y el Tribunal Supremo. De esa forma, se eliminaron los aranceles que se debían adherir a cada moción o escrito presentado con posterioridad a la presentación inicial de la acción o recurso judicial.[20]

Además, el Art. 3 de la Ley Núm. 47-2009 establece la facultad de este Tribunal para disponer, mediante resolución, los derechos que habrán de pagarse. Debido a que el poder de imponer contribuciones es uno de jurisdicción exclusiva de la Asamblea Legislativa, cualquier resolución emitida por este Tribunal que resulte en la modificación de los derechos pagados por los ciudadanos para tramitar acciones civiles será remitida ante las Secretarías de ambos Cuerpos Legislativos para su aprobación.[21]

Así, pues, el 24 de septiembre de 2010 emitimos una Resolución en la que se adoptaron los nuevos derechos arancelarios pagaderos a los(as) Secretarios(as), los(as) Alguaciles y a otro personal de la Rama Judicial con funciones de recaudación para la tramitación de acciones civiles. En lo pertinente al caso de autos, el inciso (N) de dicha resolución establece que **por cada escrito** de

---

[20] Art. 2 de la Ley Núm. 47-2009, 32 L.P.R.A. sec. 1477 (Sup. 2011).

[21] Art. 3 de la Ley Núm. 47-2009, Íd.

Revisión de Decisiones Administrativas en el Tribunal de Apelaciones se pagarán $85.[22] (Énfasis nuestro). De lo anterior, surge que la presentación de un solo escrito de Revisión de Decisiones Administrativas pagará $85 y las posteriores mociones o escritos relacionados al primer escrito presentado no pagarán aranceles adicionales.

La Sec. 5 de la Ley Núm. 17 de 11 de marzo de 1915, según enmendada,[23] dispone:

> **§ 1481. Documentos serán nulos si no tienen sellos**
>
> Todos y cada uno de los documentos o escritos que requieran el pago de derechos para su presentación ante el tribunal serán nulos y sin valor y no se admitirán como prueba en juicio a menos que dicho pago esté debidamente evidenciado, conforme a las normas que a tales fines establezca el(la) Juez(a) Presidente(a) del Tribunal Supremo o la persona en quien éste(a) delegue.

En reiteradas ocasiones hemos establecido que las partes deben observar rigurosamente los requisitos reglamentarios para perfeccionar los recursos ante este Tribunal y ante el Tribunal de Apelaciones.[24] De igual modo, hemos hecho valer repetidamente el mandato estatutario de que es nulo e ineficaz un escrito judicial presentado sin los sellos de rentas internas que la ley

---

[22] In re: Aprobación de los Derechos Arancelarios pagaderos a los(as) Secretarios(as), los(as) Alguaciles y a otro personal de la Rama Judicial con funciones de recaudación para la tramitación de acciones civiles, 179 D.P.R. 985 (2010).

[23] 32 L.P.R.A. sec. 1481 (Supl. 2011).

[24] Véanse, García Ramis v. Serrallés, 171 D.P.R. 250 (2007); Pellot v. Avon, 160 D.P.R. 125 (2003); Arriaga v. F.S.E., 145 D.P.R. 122 (1998); Matos v. Metropolitan Marble Corp., 104 D.P.R. 122 (1975).

ordena cancelar.[25] Esa obligación se extiende a los recursos apelativos. Con ello se persigue evitar la evasión tributaria que defrauda el fisco.[26]

La regla general que dispone la nulidad de los escritos judiciales presentados sin pagar los aranceles correspondientes tiene excepciones. La propia ley reconoce como excepción que una persona indigente queda exenta del pago de aranceles.[27] Nuestra jurisprudencia ha reconocido esa excepción.[28] A su vez, como corolario de lo anterior, hemos dispuesto también por excepción que si una persona solicita por primera vez en la etapa apelativa que se le permita litigar como indigente, sin que medie fraude o colusión de su parte, y el tribunal rechaza su petición, no se desestimará su recurso si presenta los aranceles correspondientes después de vencido el plazo apelativo, una vez se deniega la solicitud para litigar *in forma pauperis*.[29]

También hemos dispuesto como una excepción a la regla de nulidad que la desestimación no procede cuando la deficiencia arancelaria ocurre sin intervención de la

---

[25] Gran Vista I v. Gutiérrez y otros, *supra*; Meléndez v. Levitt & Sons of P.R., Inc., 106 D.P.R. 437 (1977); Maldonado v. Pichardo, 104 D.P.R. 778 (1976); Piñas v. Corte Municipal, 61 D.P.R. 181 (1942); Nazario v. Santos, Juez Municipal, 27 D.P.R. 89 (1919).

[26] Gran Vista I v. Gutiérrez y otros, *supra*; Salas v. Baquero, 47 D.P.R. 108 (1934).

[27] Sec. 6 de la Ley Núm. 17, *supra*, 32 L.P.R.A. sec. 1482.

[28] Torres v. Rivera, 70 D.P.R. 59 (1949); Parrilla v. Loíza Sugar Co., 49 D.P.R. 597 (1936); Sucesión Juarbe v. Pérez, 41 D.P.R. 114 (1930); Rosado v. American Railroad Co., 37 D.P.R. 623 (1928).

[29] Gran Vista I v. Gutiérrez y otros, *supra*.

parte ni intención de defraudar, sino por inadvertencia de un funcionario judicial, que acepta por equivocación un escrito sin pago alguno o por una cantidad menor de los aranceles que corresponden.[30] Tampoco es nulo el escrito judicial si la insuficiencia se debió a las instrucciones erróneas del Secretario del tribunal, sin intervención de la parte, colusión o intención de defraudar.[31]

Por eso, hemos señalado que "[s]i el propósito de la ley es proteger los derechos del estado y evitar fraudes al erario, no parece lógico que una vez cubiertos los derechos del estado, una parte que en nada se perjudica pueda aprovecharse del error alegando que la actuación judicial es nula desde su origen".[32] Así, en estos casos, el error puede subsanarse por la parte que adeuda el pago del arancel.[33]

En cambio, cuando el error en el pago de aranceles se debe a la parte o su abogado no se reconoce excepción sino que estamos ante la situación que la ley contempla: un documento que carece de los aranceles correspondientes. Por disposición de ley, el documento es nulo y por consiguiente, carece de validez. Incluso, si

---

[30] Salas v. Baquero, *supra*.

[31] Cintrón v. Yabucoa Sugar Co., 52 D.P.R. 402 (1937).

[32] Salas v. Baquero, *supra*, pág. 114. Véase además, Gran Vista I v. Gutiérrez y otros, *supra*, pág. 189.

[33] Gran Vista I v. Gutiérrez y otros, *supra*, pág. 190.

un funcionario del tribunal acepta la insuficiencia "deliberadamente" comete delito menos grave.[34]

### III.

En los casos de autos, la Asociación y Géminis presentaron en dos ocasiones distintas dos recursos de revisión en conjunto, para revisar varias resoluciones administrativas diferentes y, además, pagaron un solo arancel por esos recursos.

### A.

En primer lugar, es importante señalar nuevamente que aunque el Reglamento del Tribunal de Apelaciones no contiene una regla que regule específicamente la presentación conjunta de recursos que no sean apelaciones, nada impide que por analogía se permita la presentación de recursos conjuntos. Si el procedimiento de consolidación de esos recursos procede de la misma manera que en las apelaciones, lo mismo debe ocurrir con el procedimiento para presentarlos en conjunto. Es por ello que para determinar si la Asociación y Géminis presentaron correctamente los recursos de revisión conjuntos hay que realizar un análisis a la luz de los requisitos que dispone la Regla 17 del Reglamento del Tribunal de Apelaciones respecto a las apelaciones conjuntas y que adoptamos por analogía para los demás recursos.

---

[34] Sec. 4 de la Ley Núm. 17, *supra*, 32 L.P.R.A. sec. 1480.

En cuanto al primer requisito -que haya dos o más personas que tengan derecho a apelar- la Asociación y Géminis cumplen con el mismo. Aquí se trataba de dos programas de servicios de salud que alegan se vieron afectados por las Resoluciones que emitió el Secretario del Departamento de Salud con relación a la concesión de los CNC a unas farmacias. De esa forma, tanto la Asociación como Génesis tenían el derecho de apelar las resoluciones.

Por su parte, el segundo requisito dispone que se pretenda apelar la misma sentencia o, como en los casos de autos, la misma resolución. Es ese requisito el que la Asociación y Géminis no cumplen. Los recursos de revisión presentados conjuntamente provenían de <u>resoluciones diferentes</u>. Es por eso que no procedía la presentación de los recursos de revisión de manera conjunta. El único mecanismo que la Asociación y Géminis tenían disponible era el dispuesto en la Regla 80.1 del Reglamento del Tribunal de Apelaciones. Estas tenían que presentar cada uno de sus recursos de revisión por separado y, una vez presentados, entonces podían solicitarle al tribunal la consolidación de los recursos. Luego de evaluar los recursos y las circunstancias particulares de los casos, el Tribunal de Apelaciones podía emitir una orden, si entendía que la consolidación procedía para acelerar la resolución de las disputas y evitar resultados incompatibles.

La presentación de cada recurso individualmente es una medida necesaria para promover una buena administración de la justicia. De lo contrario, esta concesión provocaría múltiples repercusiones negativas que afectarían dicho principio rector. Permitir la presentación de recursos sobre decisiones diferentes se prestaría a que las partes comenzaran a presentar apelaciones y recursos conjuntos sobre resoluciones o sentencias diferentes a base de su propio criterio. Ello, tendría el efecto de que se presenten recursos conjuntos sobre resoluciones o sentencias con controversias de hecho o derecho diferentes sin el juicio del foro apelativo.

Las partes no tienen autoridad para consolidar casos; eso es una facultad exclusiva del tribunal. Permitir una actuación como esa atrasaría los procedimientos en el Tribunal, pues los jueces podrían encontrarse con casos que aunque las partes consideren que son consolidables en realidad no lo sean. Además, si los recursos presentados en conjunto no guardan relación entre sí, ¿qué acción tendría que tomar el Tribunal de Apelaciones? ¿Tendría que devolverlos y pedir a las partes la presentación de cada uno por separado? Evidentemente esto provocaría serios efectos administrativos y jurisdiccionales.

**B.**

Una vez determinado que la Asociación y Géminis no podían presentar los recursos de revisión administrativa en conjunto, resta por atender cuál es el efecto que tiene el pago de un solo arancel. En cuanto al pago de aranceles, ya hemos mencionado que nuestro ordenamiento establece el sistema de pago único en la primera comparecencia.[35] Específicamente, el pago correspondiente por cada escrito de revisión de decisiones administrativas en el Tribunal de Apelaciones es de $85.[36] En los casos de autos, la Asociación y Géminis presentaron un solo arancel por cada recurso en conjunto. Sin embargo, conforme al derecho expuesto estas tenían que presentar cada recurso de revisión por separado y pagar el arancel para cada uno de ellos.

La Asociación y Géminis alegan que la presentación en conjunto se debió al hecho de que presentar los recursos de forma separada sería muy oneroso para ellas. Por su parte, las farmacias opuestas al recurso de revisión solicitaron al Tribunal de Apelaciones la desestimación por falta de jurisdicción, ante la insuficiencia arancelaria. El fundamento de ese argumento se centró en la nulidad de un escrito judicial al cual no se le han adherido los sellos correspondientes. Ello

---

[35] Art. 2 de la Ley Núm. 47-2009, *supra*.

[36] In re: Aprobación de los Derechos Arancelarios pagaderos a los(as) Secretarios(as), los(as) Alguaciles y a otro personal de la Rama Judicial con funciones de recaudación para la tramitación de acciones civiles, *supra*.

tendría la consecuencia de que si los aranceles no se presentan dentro del plazo aplicable a la presentación del recurso, el Tribunal no tendría jurisdicción para entender en el caso y las partes quedarían desprovistas de remedios. Sin embargo, como ya hemos resuelto, la norma no es tan rígida y automática. Es decir, en circunstancias en las que no haya mediado fraude o colusión, un escrito que no pagó los aranceles correspondientes no será nulo sino anulable.[37]

En los casos de autos, no encontramos elementos que nos convenzan que en la actuación de la Asociación y Géminis haya mediado fraude o colusión. De hecho, de los autos del caso CC-2011-845 surge una moción que se presentó en el Tribunal de Apelaciones junto con el Recurso de Revisión en el que la representación legal de las apelantes expresó que acompañaba la moción con el arancel adicional.

En cuanto al caso CC-2011-927, surge de los autos que las apelantes siempre estuvieron dispuestas a presentar los aranceles adicionales, si así lo ordenaba el Tribunal. En su escrito de oposición a la moción de desestimación la Asociación le solicitó al Tribunal de Apelaciones que le permitiera pagar los aranceles que dicho foro determinara. La Asociación arguyó, además, que canceló la cantidad de aranceles que le indicó la Secretaría del tribunal. El Tribunal de Apelaciones, por

---

[37] Gran Vista I v. Gutiérrez y otros, *supra*.

su parte, no emitió orden al respeto y autorizó la consolidación.

Lo anterior refleja que el foro apelativo intermedio aceptó el pago de los aranceles, tal y como fue realizado por las apelantes, e incluso autorizó la consolidación de los recursos. El Tribunal de Apelaciones erró en su apreciación; las partes apelantes sí tenían que presentar los aranceles correspondientes al resto de los recursos. No obstante, esa actuación del tribunal, en conjunción con la falta de claridad en la norma respecto a la presentación de recursos conjuntos, contribuyó a que las partes no cumplieran cabalmente con los requisitos de ese tipo de recurso. Por lo tanto, no pagaron los aranceles correctamente.

Al considerar que la actuación de la Asociación y Géminis no estuvo marcada por el fraude, sino que fue provocada por una imprecisión del reglamento del tribunal, y que la Secretaría aceptó inicialmente la omisión de la totalidad de los aranceles, estamos ante una de las excepciones que contempla la jurisprudencia: cuando por error que no es atribuible a la parte, y sin que medie fraude o colusión, el tribunal la exime de pagar.

### C.

Ahora bien, valga aclarar que la controversia del caso de autos se produjo por la situación particular de que había interpretaciones variadas sobre la legalidad de

la presentación consolidada de recursos de revisión administrativa. Sin embargo, ante esas circunstancias particulares y al alto sentido de justicia, disponemos que a pesar de que los recursos fueron presentados erróneamente en conjunto, permitiremos que se mantengan los recursos consolidados y se continúen los procedimientos apelativos. Esta norma es de carácter prospectivo.

Resuelto esto, procede que se presenten los aranceles restantes y se continúen los procedimientos apelativos. No le estamos abriendo la puerta a litigantes inescrupulosos, que utilizando como excusa una interpretación de un reglamento o ley, incumplan con el requisito de pagar los aranceles que la ley exige. Interpretada la disposición reglamentaria acerca de las apelaciones conjuntas, en los casos subsiguientes los litigantes a nivel apelativo tendrán que cumplir fielmente los requisitos aquí dispuestos. Su incumplimiento, incluyendo la falta de pago de aranceles, pudiera en su día privar de jurisdicción al Tribunal de Apelaciones.

**IV.**

Por los fundamentos antes expuestos, concluimos que no se pueden presentar recursos conjuntos para revisar resoluciones administrativas de casos diferentes. Cada resolución tiene que revisarse mediante la presentación de un recurso de revisión por separado y con la

cancelación de los respectivos aranceles. Una vez presentados los recursos, el Tribunal de Apelaciones puede *motu proprio* o a solicitud de parte, ordenar la consolidación de estos. Sin embargo, aunque este caso la Asociación y Géminis debieron presentar los recursos de revisión por separado, la norma pautada es de carácter prospectivo, por lo que se sostendrá la consolidación. Asimismo, a base de la excepción aplicada, los aranceles tendrán que ser cancelados. Así, pues, se expide el auto de *certiorari* y se revoca la resolución del Tribunal de Apelaciones en cuanto al pago de aranceles. En contraste, ante las circunstancias particulares del caso de autos, se confirma la decisión del Tribunal de Apelaciones de consolidar los casos, aunque por otros fundamentos. Por consiguiente, se devuelven los casos a ese foro para que ordene a las apelantes (la Asociación y Géminis) el pago de los aranceles correspondientes y continúen los procedimientos.

Se dictará Sentencia de conformidad.

Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| M-Care Compounding Pharmacy / M-Care Medical Supply, Inc.<br><br>Island Infusion Pharmacy, Inc.<br><br>SPS Speciality Pharmacy Services, Inc.<br><br>Vision Infusion Services, Inc.<br><br>Optima Infusion Pharmacy, Inc.<br><br>Special Care Pharmacy Services, Inc.<br><br>    Peticionarios<br><br>       v.<br><br>Departamento de Salud p/c Hon. Lorenzo González Feliciano<br><br>    Agencia-Recurrida<br><br>Asociación de Enfermería Visitante Gregoria Auffant, Inc.<br><br>    Recurridos | CC-2011-927<br><br>Cons.<br><br>CC-2011-845 | Certiorari |

SENTENCIA

En San Juan, Puerto Rico, a 11 de julio de 2012.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revoca la resolución del Tribunal de Apelaciones en cuanto al pago de aranceles. En contraste, ante las circunstancias particulares del caso de autos, se confirma la decisión del Tribunal de Apelaciones de consolidar los casos, aunque por otros fundamentos. Por consiguiente, se devuelven los casos a ese foro para que ordene a las apelantes (la Asociación y Géminis) el pago de los aranceles correspondientes y continúen los procedimientos.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton disiente y hace constar la siguiente expresión: "El Juez Presidente señor Hernández Denton disiente por entender que el Reglamento del Tribunal de Apelaciones no permite la presentación de un recurso *mediante el cual se solicita la revisión de dos o más resoluciones administrativas*. Por consiguiente, el Tribunal de Apelaciones no tenía jurisdicción para atender los recursos de revisión presentados por los recurridos, razón por la cual estos recursos deben ser desestimados". La Jueza Asociada señora Pabón Charneco no interviene.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo