ELEUTERIA NIEVES, peticionaria, *v.* LA HON. CORTE DE DISTRITO DE AGUADILLA, y ERNESTINA MARTÍNEZ, demandadas.

No. 689.—*Sometido:* Enero 27, 1930. *Resuelto:* Marzo 31, 1930.

*José Veray, Jr.,* abogado de la peticionaria.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Ernestina Martínez demandó a Eleuteria Nieves en la Corte Municipal de Aguadilla en cobro de ochenta y cuatro dólares.

Seguido el procedimiento que marca la Ley No. 10 estableciendo juicios especiales en las cortes municipales de Puerto Rico—Leyes de 1921, p. 113—se dictó finalmente sentencia declarando la demanda sin lugar.

Apeló la demandante para ante la corte del distrito sin adherir a su escrito de apelación sello alguno de rentas internas. Por tal motivo solicitó la demandada en la corte de apelación la desestimación del recurso, basándose en lo dispuesto en la sección 3 de la citada Ley, No. 10 de 1921, y la corte, interpretando el precepto de ley invocado, el 10 de enero de 1930 resolvió que era bastante con que la apelante hubiera adherido el sello de rentas a su demanda para que pudiera luego establecer la apelación sin satisfacer ningún otro derecho. La demandada acudió entonces por *certiorari* ante esta corte. El auto fué expedido y ambas partes presentaron su caso en debida forma al tribunal.

La ley aplicable es la sección 3 de la No. 10 de 1921. Dice así:

"Sección 3.—En cada escrito de demanda, de contestación o apelación en su caso, las partes fijarán un sello de rentas de un dólar, que será inutilizado por el secretario de la corte, siendo esas las úni-

cas costas que se impondrán en cada caso hasta su resolución definitiva; *Disponiéndose*, que cuando cualquiera de las partes acredite, por declaración jurada, la imposibilidad que tiene para pagar tal impuesto, la corte le eximirá del mismo, teniendo entonces derecho a todos los servicios de los funcionarios judiciales, como si tal impuesto hubiera sido pagado.''

Argumentando su posición expresa la parte apelante opositora en su alegato:

"A juicio de la demandante-opositora, la parte actora en un procedimiento iniciado al amparo de la Ley No. 10 de 1921 solamente tiene que pagar por todo derecho un dólar en sellos de rentas internas. La ley dice que el sello de un dólar deberá fijarse 'en cada escrito de demanda, de contestación o apelación en su caso,' lo que significa que deberá fijarse en el escrito de demanda, y en el de contestación; y para el caso de que no haya habido una contestación y se apelare por el demandado, estonces, y sólo entonces, es que hay que fijar un sello en el escrito de apelación.

"El espíritu de la Ley No. 10 es el facilitar los procedimientos judiciales en las acciones sobre cobro de dinero que envuelven una suma no mayor de cien dollars, a la par que hacer que el procedimiento resulte barato, y ese espíritu se ve perfectamente claro en el texto de la propia ley.

"Otra cosa hubiera sido si se hubiera dicho que en cada escrito de demanda, de contestación y de apelación las partes fijarían un sello de rentas internas de un dólar. La frase *en su caso* quiere decir en su defecto o a falta de.''

Estamos conformes en que el espíritu de la Ley No. 10 de 1921 es el de facilitar los juicios civiles en cobro de cantidades no mayores de cien dólares y el de hacer lo menos costosas que se pueda dichas reclamaciones, pero no en que la disposición relativa a la fijación del sello de rentas de un dólar en el escrito de apelación lo sea únicamente para el caso de que el demandado no conteste en la corte municipal e interponga apelación. Las palabras "en su caso" usadas por el legislador no pueden tener otro significado que "cuando exista apelación," bien la interponga el demandante, ya la establezca el demandado cuando conteste o deje de contestar la demanda. Se trata de una nueva instancia. Se acude por

la apelación a otra corte y se le pide que celebre un nuevo juicio y pronuncie una nueva sentencia. Y parece lo natural que se exija un nuevo pago. Y la verdad es que la mínima cantidad fijada no puede estar más en armonía con el espíritu de la ley.

A virtud de todo lo expuesto resulta claro a nuestro juicio que la peticionaria Eleuteria Nieves tiene razón y por tanto que no habiendo adherido la demandante-apelante a su escrito interponiendo el recurso el sello de rentas de un dólar que requiere la ley, no llegó a perfeccionar su apelación y en su consecuencia que la corte de distrito no adquirió jurisdicción para conocer del pleito, *debiendo anularse su resolución de enero 10, 1930 y en su lugar dictarse otra desestimando el recurso.*

Los Jueces Asociados Señores Wolf y Texidor, no intervinieron.