Sucesión de Saturnina Juarbe, demandante y apelante, *v.* Vicente Amador Pérez, demandado y apelado, y Merce-des y Asunción Abril, citadas en evicción, apeladas.

No. 4922.—*Sometido:* Mayo 26, 1930. *Resuelto:* Junio 3, 1930.

*Leopoldo Tormes y E. Ramos Antonini,* abogados de la apelante; *A. García Ducós,* abogado del demandado-apelado; *E. González Mena,* abogado de las citadas en evicción.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

Por tercera vez se solicita aquí la desestimación de la apelación.

Encontramos que en 28 de abril, 1930, se dictó en este caso una resolución por la que se concedió a la parte apelante una prórroga hasta 10 de mayo, 1930, para presentar el *transcript.* Este aparece presentado en ese día 10 de mayo.

Ahora, por moción presentada en la secretaría de este tribunal en 12 de mayo de 1930, se nos pide que se elimine la transcripción de la exposición del caso y legajo de sentencia, porque la certificación de la misma es nula. En 29

de febrero próximo pasado—alega la peticionaria—los apelantes presentaron a la Corte de Distrito de Aguadilla, una moción, que no se notificó a la otra parte, y en la que solicitaron el beneficio de insolvencia para radicar ante este tribunal, libre de derechos la transcripción, que debía certificar el secretario de la Corte de Distrito de Aguadilla, a lo que accedió la corte de distrito, y así se extendió la certificación por el secretario. Y la peticionaria ahora sostiene que la corte de distrito no tenía facultad legal para dictar esa resolución, la que es nula, y hace nula e ineficaz la transcripción del récord y exposición, certificada por el secretario, libre de derechos. Cita la peticionaria la sección 7 de la Ley No. 17 de 11 de marzo de 1915, y nuestra jurisprudencia en *Nazario* v. *Santos,* 27 D.P.R. 89, *Pérez* v. *Bonet,* 30 D.P. R. 927, y *Delgado* v. *Cárdenas,* 34 D.P.R. 210, y en el caso *Eleuteria Nieves* v. *Corte de Distrito de Aguadilla,* de resolución reciente (40 D.P.R. 786). Por esas alegaciones se pide la eliminación del *transcript* y la desestimación del recurso.

Los apelantes se oponen a lo solicitado alegando que la corte tenía facultad para conceder el beneficio de insolvencia y el secretario para certificar, y citando el caso *Rosado* v. *American Railroad Co. of Porto Rico,* 37 D.P.R. 623.

Parece hacerse fuerza en la creencia de que de acuerdo con la ley que se cita, el beneficio de insolvencia sólo puede pedirse al iniciar el pleito. Quizá se presenten más casos en que sea necesario solicitar ese beneficio al terminar los pleitos. Pero nos parece que no está fuera de la autoridad de los jueces concederlo cuando la necesidad se presente; esto es lo lógico, y era la solución a que tiende la ley, a amparar al desvalido, y hacer igual para todos la administración de la justicia.

*Se declaran sin lugar las mociones de desestimación y de eliminación.*