El Juez Asociado Señor Kolthoff Caraballo
emitió la opinión del Tribunal.
En esta ocasión nos corresponde determinar si procede la presentación de varios recursos de revisión en conjunto, para revisar resoluciones administrativas distintas y, ade-más, pagar un solo arancel. Por considerar que los recursos de revisión se debieron presentar por separado y con la cancelación de los respectivos aranceles, contestamos en la negativa. Una vez presentados los recursos, el Tribunal de Apelaciones podía motu proprio o a solicitud de parte orde-nar la consolidación de estos.
I
La controversia en los casos de autos está centrada en el aspecto procesal, por ende, nos limitaremos a exponer los hechos incontrovertidos y pertinentes a dicho aspecto.
A. Caso CC-2011-845
El 8 de abril de 2011 el Departamento de Salud emitió dos resoluciones como resultado de dos procedimientos ad-ministrativos separados, en los que varias farmacias soli-citaron Certificados de Necesidad y Conveniencia (CNC) para la operación de servicios de infusión. A través de las referidas resoluciones, el Departamento de Salud otorgó los CNC a seis farmacias para establecer programas de *164 salud en el hogar en el noreste de Puerto Rico. Las seis farmacias son: M-Care Compounding Pharmacy/M-Care Medical Supply, Inc., Island Infusion Pharmacy, Inc., SPS Specialty Pharmacy Services, Inc., Vision Infusion Services, Inc., Optima Infusion Pharmacy, Inc. y Special Care Pharmacy Services, Inc.
El 29 de abril de 2011 la parte opositora a la concesión de los mencionados CNC, Best Option Healthcare Puerto Rico (Best Option), presentó sendas solicitudes de reconsi-deración ante el Secretario del Departamento de Salud para las dos resoluciones recurridas. Sin embargo, el 8 de agosto de 2011 el Secretario denegó ambas solicitudes de reconsideración y lo notificó el 10 de agosto del mismo año.
La Asociación de Enfermería Visitante Gregoria Au-ffant, Inc. (Asociación) y el Programa de Servicios de Salud en el Hogar Géminis (Géminis), quienes alegan ser partes afectadas por estar localizadas en la misma área de las farmacias a las que se le otorgaron los CNC, presentaron el 23 de agosto de 2011 un recurso en conjunto ante el Tribunal de Apelaciones para revisar las dos resoluciones del Departamento de Salud. En ese escrito, la Asociación y Gé-minis (las apelantes) solicitaron al foro apelativo interme-dio que aceptara la referida solicitud en conjunto, pues la presentación separada de los recursos “sería en extremo onerosa” para ellas.(1) Alegaron que el Reglamento del Tribunal de Apelaciones no requiere que se solicite permiso para la presentación conjunta de recursos. Por otro lado, aunque la Asociación y Géminis señalaron haber acompa-ñado junto a la moción el arancel adicional que correspon-dería si “cada controversia cancelara un arancel separado”, no surge del expediente evidencia del pago de aranceles adicionales.(2)
Por su parte, Optima Infusion Pharmacy, Inc. (Optima) y Vision Infusion Services, Inc. (Vision) se opusieron a la
*165 Solicitud de Revisión de la Asociación y Géminis, ya que alegaron que éstas consolidaron motu proprio la revisión de dos resoluciones distintas en un solo recurso sin cumplir con lo dispuesto en la Regla 38.1 de Procedimiento Civil, 32 L.P.R.A. Ap. V y la Regla 80.1 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B. Además, argumen-taron que la Asociación y Géminis no cumplieron con la cancelación de la totalidad de los aranceles requeridos para la presentación del recurso de revisión. Ello, debido a que en vista de que la Asociación y Géminis debieron pre-sentar dos recursos de revisión por separado —uno por cada resolución administrativa— estas estaban obligadas a cancelar aranceles por cada uno, En ese caso, la Asocia-ción y Géminis pagaron por la presentación de un solo recurso. Por consiguiente, Optima y Vision solicitaron al Tribunal de Apelaciones que desestimara la Solicitud de Revisión de la Asociación y Géminis por falta de jurisdic-ción, ya que era improcedente la presentación de los recur-sos de forma conjunta.
Así las cosas, el Tribunal de Apelaciones emitió mía Re-solución el 28 de septiembre de 2011 en la que denegó la solicitud de desestimación de Optima y Vision. El foro ape-lativo intermedio fundamentó su determinación en la Re-gla 38.1 de Procedimiento Civil, supra, y en las Reglas 17 y 80.1 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B. Ese foro concluyó que en su recurso de revisión la Asociación y Géminis propusieron implícita-mente la consolidación de las dos determinaciones admi-nistrativas cuestionadas. Además, señaló que esas dos re-soluciones versan esencialmente sobre la misma contro-versia, es decir, “si las entidades solicitantes cumplieron cada una con los requisitos estatutarios y reglamentarios establecidos para la concesión de un CNC”.(3) Dicho foro, *166 también indicó que el lenguaje dispositivo en ambas reso-luciones es esencialmente el mismo. De igual manera, el Tribunal de Apelaciones mencionó que en la Solicitud de Revisión presentada por la Asociación y Géminis se con-signó como aplicable a todas las solicitudes de concesión de los CNC los mismos señalamientos de error.(4) Así, pues, el Tribunal de Apelaciones autorizó la consolidación de las dos resoluciones administrativas cuestionadas por enten-derlo conveniente para la economía procesal. Al concluir de esta manera, el foro apelativo intermedio no entró a discu-tir la controversia de la falta de pago de aranceles.
Inconformes con la determinación del Tribunal de Ape-laciones, el 19 de octubre de 2011 Optima y Vision presen-taron una petición de certiorari ante este Tribunal. En la referida petición nos solicitan que revoquemos la resolu-ción que emitió el Tribunal de Apelaciones el 28 de sep-tiembre de 2011 y desestimemos la solicitud de revisión que presentaron la Asociación y Géminis. Señalaron como error que dicho foro permitió a la Asociación y a Géminis presentar una sola solicitud de revisión al consolidar motu proprio la revisión administrativa de dos resoluciones del Departamento de Salud. Además, indicaron que erró el Tribunal de Apelaciones al no atender el planteamiento de Optima y Vision respecto al incumplimiento con el pago de aranceles requeridos por ley. Optima y Vision argumentan que lo anterior tiene como consecuencia que la presenta-ción del recurso de revisión de las recurridas se hiciera fuera del término jurisdiccional.
Ese mismo día, Optima y Vision comparecieron ante este Tribunal mediante urna moción en auxilio de jurisdic-ción, para que se paralizaran los procedimientos en el Tribunal de Apelaciones hasta tanto este Tribunal adjudicara la Petición de certiorari. El 26 de octubre de 2011 emitimos una Resolución, en auxilio de nuestra jurisdicción, en la *167 que ordenamos la paralización de los procedimientos ante el Tribunal de Apelaciones. Además, concedimos a la Asociación y Géminis un término de 20 días para que compa-recieran y mostraran causa por la cual no debíamos revo-car la resolución dictada por el Tribunal de Apelaciones. El 2 de noviembre de 2011 la Asociación y Géminis presenta-ron su escrito en cumplimiento de nuestra orden.
B. Caso CC-2011-0927
En la misma fecha en que se emitieron las primeras resoluciones, el Departamento de Salud emitió otras cua-tro resoluciones adicionales en las que concedió, en cuatro procedimientos separados, doce CNC para la operación de servicios de infusión en el hogar a otras farmacias. Nueva-mente, la Asociación presentó ante el Tribunal de Apelacio-nes un solo escrito, pero esta vez para revisar esas cuatro resoluciones.
En esa ocasión, las farmacias: SPS Specialty Pharmacy Services, Inc. (SPS), Vision Infusion Services, Inc. (Vision), Optima Infusion Pharmacy, Inc. (Optima) y Island Infusion Pharmacy, Inc. (Island) solicitaron también, cada una por separado, la desestimación del recurso de revisión pre-sentado por la Asociación por no haberse perfeccionado conforme a derecho dentro del término jurisdiccional esta-blecido por ley. Ellos alegaron que en un solo recurso no se pueden revisar cuatro resoluciones dictadas por el foro ad-ministrativo, en cuatro procedimientos distintos que no fueron consolidados por la agencia, sin obtener la autoriza-ción previa del tribunal. Además, argumentaron que no se cumplían los requisitos para la consolidación y que la Aso-ciación no cumplió con el pago de los aranceles correspon-dientes al momento de la presentación.
Las farmacias señalaron que la Asociación tenía que presentar los recursos por separado y después solicitar al tribunal la consolidación. Se ampararon en que la Regla 80.1 del Reglamento del Tribunal de Apelaciones, supra, no permite a las partes la consolidación de los casos sin la *168 previa autorización del tribunal. Además, expresaron que en la presentación de la solicitud de revisión únicamente se cancelaron los aranceles correspondientes a un solo re-curso, que la Asociación estaba obligada al pago de arance-les por cada resolución, y que dicha insuficiencia privaba al Tribunal de Apelaciones de jurisdicción para atender el recurso.
El mismo panel del Tribunal de Apelaciones que emitió la Resolución del caso CC-2011-845 emitió otra Resolución el 18 de octubre de 2011, en la que declaró “no ha lugar” las mociones de desestimación presentadas por las farmacias: SPS, Vision, Optima y Island. El Tribunal de Apelaciones fundamentó su determinación en los casos de Crespo Quiño-nes v. Santiago Velázquez,(5) en Vives Vázquez v. E.L.A.,(6) y en la Regla 80.1 del Reglamento del Tribunal de Apelaciones.(7) Señaló que “[p]ara que prospere la consolida-ción se exige que los casos presenten cuestiones comunes de hechos o derecho, y que estos estén pendientes ante el tribunal. Nuestro sistema judicial unificado solo requiere que los casos a consolidarse se hayan presentado y su trá-mite esté pendiente ante alguna de las salas del Tribunal de Primera Instancia”.(8)
El foro apelativo intermedio indicó, además, que la fina-lidad de la consolidación es evitar la proliferación de accio-nes, lograr la economía procesal y evitar la indeseable pro-babilidad de que surjan fallos incompatibles relacionados con un mismo incidente. De igual forma, concluyó que se cumplieron todos los fines y requisitos para la consolida-ción, ya que todos los casos presentaban cuestiones comu-nes de hechos y de derecho.
Por otro lado, el Tribunal de Apelaciones entendió que al resolver la procedencia de la consolidación era innecesario *169 atender el planteamiento de que la Asociación y Géminis incumplieron con el pago de la totalidad de los aranceles establecidos por ley para la presentación del recurso. Sin embargo, expresó que aunque esta tuviera que pagar aran-celes por cada una de las resoluciones recurridas, esa dife-rencia no ocasiona ipso facto la nulidad del recurso.
Inconformes con esa determinación, las farmacias pre-sentaron una Petición de certiorari ante este Tribunal. En su petición, estas solicitaron que revoquemos la Resolución emitida por el Tribunal de Apelaciones el 18 de octubre de 2011 y desestimemos en su totalidad la Solicitud de Revi-sión presentada por la Asociación ante el foro apelativo intermedio. Estas alegaron que erró el Tribunal de Apela-ciones al permitir que la Asociación presentara una Solici-tud de Revisión, consolidando motu proprio los recursos de Revisión Administrativa de cuatro resoluciones del Depar-tamento de Salud relacionadas con la otorgación de doce solicitudes de CNC diferentes y de dos regiones de Salud distintas. Señalan que de esa manera le permitieron erró-neamente acceso a la jurisdicción del Tribunal. Además, señalaron que erró el foro apelativo al no atender el plan-teamiento de las farmacias sobre el incumplimiento de la Asociación con el pago de aranceles requeridos por ley, lo que tuvo como consecuencia la presentación de su recurso fuera del término jurisdiccional.
Examinada la Petición de certiorari presentada por las farmacias, el 21 de noviembre emitimos una Resolución ordenando la consolidación del presente caso CC-2011-927 con el caso CC-2011-845. Además, le concedimos a la Aso-ciación y a Géminis un término de 20 días para que com-parecieran y mostraran causa por la cual no se deba revo-car la Resolución dictada por el Tribunal de Apelaciones.
En respuesta, la Asociación presentó un escrito titulado Moción en Reacción a Orden de Consolidación, en el cual nos solicita que deneguemos el recurso presentado por la parte opositora. Esta alegó que permitir a las partes, en *170 situaciones apropiadas, presentar sus apelaciones de forma conjunta produce un ahorro en los costos de litigio y que el extender el mecanismo de apelaciones conjuntas a las revisiones administrativas no conlleva perjuicio para el Tribunal de Apelaciones. Luego de evaluar los plantea-mientos de ambas partes, expedimos y procedemos a resolver.
II
A. Recursos conjuntos y consolidaciones
El Reglamento del Tribunal de Apelaciones está dirigido, entre otras cosas, a ofrecer un acceso fácil, económico y efectivo al tribunal y a promover la efectiva, rápida y uniforme adjudicación de los casos.(9) Es por eso que dicho reglamento provee mecanismos que facilitan la solución de controversias como las apelaciones conjuntas y la consolidación de apelaciones, así como los recursos sobre sentencias, órdenes o resoluciones.
Respecto a las apelaciones conjuntas y consolidaciones en casos civiles,(10) la Regla 17 del Reglamento del Tribunal de Apelaciones, 4 L.RR.A. Ap. XII-B, dispone lo siguiente:
Si dos (2) o más personas tuvieren derecho a apelar una sentencia y sus derechos fueren tales que la acumulación fuere factible, podrán presentar un escrito de apelación con-junto y podrán comparecer subsiguientemente como una sola parte apelante. Las apelaciones de una sentencia podrán ser *171 consolidadas por orden del Tribunal de Apelaciones expedida por iniciativa propia, a solicitud de parte o por estipulación de quienes sean partes en distintas apelaciones.
La Regla 17, supra, presenta dos mecanismos disponibles en los casos civiles: la presentación de apelaciones conjuntas y la consolidación de apelaciones. Las apelaciones conjuntas requieren el cumplimiento de tres requisitos esenciales: (1) que hayan dos o más personas que tengan derecho a apelar; (2) lo que se pretende apelar es una misma sentencia, y (3) que la acumulación procedería de acuerdo a los derechos de las partes. Respecto al primer requisito, cada una de las personas que estén interesadas en presentar una apelación conjunta tiene que poseer el derecho a apelar individualmente. El segundo requisito requiere que el derecho a la apelación surja de una misma sentencia. No permite a las partes acumular en un recurso, las apelaciones de más de un dictamen. Y finalmente, el tercer requisito establece que las partes tienen que poseer derechos acumulables. Es decir, sus posiciones no pueden colocarlas en posturas antagónicas o incompatibles entre ellas mismas. Una vez se cumple con lo establecido en la Regla 17, entonces, las personas interesadas podrán someter un solo escrito de apelación y comparecer como la parte apelante.
Lo fundamental en el proceso de apelaciones conjuntas reside en que no está supeditado a la autorización del tribunal. Por ende, al ser una acción sujeta a la sola volun-tad de las partes, se limita al cumplimiento estricto de los tres criterios mencionados. Esto promueve el acceso al foro apelativo y hace menos oneroso el proceso. Además, con el cumplimiento de los tres criterios el tribunal tiene la ga-rantía de que con la apelación conjunta se atiendan contro-versias sobre una misma sentencia y derechos e intereses acumulables.
Por su parte, el mecanismo de consolidación requiere: (1) que se hayan presentado dos o más apelaciones *172 sobre una sentencia, y (2) que el Tribunal de Apelaciones emita una orden al respecto. La Regla 17, supra, establece, además, que dicha orden puede expedirse: a iniciativa del Tribunal, cuando alguna de las partes lo solicita, o si así lo estipulan aquellos que sean partes en las distintas apelaciones. Contrario a las apelaciones conjuntas, la con-solidación requiere la autorización del tribunal. Es el tribunal el que determinará si la consolidación procede.
Respecto al mecanismo de consolidación, hemos expresado anteriormente que un tribunal debe analizar si de acuerdo a las circunstancias particulares del caso la consolidación promueve la buena administración de la justicia, la aceleración en la resolución de disputas y la reducción en los costos de la litigación.(11) Además, el tribunal debe evaluar “si la consolidación tiende a evitar resultados incompatibles entre las distintas disputas que presenten cuestiones similares de hecho o de derecho”.(12) El tribunal tomará en cuenta todas estas consideraciones porque a diferencia de las apelaciones conjuntas, las consolidaciones no están limitadas a apelaciones sobre una misma sentencia. Por consiguiente, el tribunal es el que está en mejor posición para determinar cuáles casos necesitan ser consolidados.
Así, una vez se realiza “[u]na determinación [judicial inicial] sobre una solicitud de consolidación, efectuada luego de un análisis ponderado de la totalidad de las circunstancias de los casos cuya consolidación se solicita, merecerá gran deferencia por parte del tribunal que la revise”.(13) Además, hemos señalado que esa determinación “[s]olo será alterada cuando se haya omitido considerar algún factor importante o cuando de alguna otra forma se *173 incurra en un abuso de discreción”.(14) Es por ello que los tribunales tienen discreción para ordenar la consolidación de dos o más recursos, y esa determinación merecerá defe-rencia por parte del tribunal que la revise si fue efectuada luego de un análisis ponderado.(15)
Por otro lado, en cuanto a los demás recursos, la Regla 80.1 del Reglamento del Tribunal de Apelaciones, supra, explica que “[Z]os recursos sobre una sentencia, or-den o resolución podrán ser consolidados por orden del Tribunal de Apelaciones expedida por iniciativa propia o a solicitud de parte”. (Énfasis nuestro). A diferencia de la Regla 17, la Regla 80.1 permite la consolidación de recursos sobre una sentencia, orden o resolución. La consolidación de recursos procede de la misma manera que en las apelaciones. Por lo tanto, será el Tribunal de Apelaciones quien tendrá que emitir la orden para que el recurso quede consolidado, ya sea por iniciativa propia o a solicitud de parte.
Ahora bien, el Reglamento del Tribunal de Apelaciones no dispone nada con relación a la presentación de otros tipos de recursos de manera conjunta, tal y como hace con las apelaciones. Sin embargo, nada impide que por analogía se permita la presentación de otros tipos de recursos de forma conjunta. Si el procedimiento de consolidación de recursos procede de la misma manera que en las apelaciones, de igual forma debería ocurrir con los recursos conjuntos. Es decir, las partes con derechos e intereses acumulables pueden presentar recursos conjuntos para revisar una misma resolución u otra determinación judicial o administrativa que sea revisable.
*174 B. El pago de derechos y cargos en el Tribunal General de Justicia
Como se sabe, entre las condiciones dispuestas en nuestro ordenamiento para perfeccionar cualquier recurso se encuentra el pago de los aranceles de presentación. El requisito de pagar esos aranceles y de adherir los sellos de rentas internas a todo escrito judicial busca cubrir los gastos asociados a los trámites judiciales.(16) A esos efectos, el Código de Enjuiciamiento Civil establece las disposiciones correspondientes sobre el pago de los aranceles. Cónsono con lo anterior, la Ley Núm. 47-2009,(17) según enmendada, modificó varias de esas disposiciones del Código de Enjuiciamiento Civil y estableció los nuevos derechos que deben pa-gar los ciudadanos para tramitar acciones civiles en los tribunales, así como otros servicios en las respectivas dependencias judiciales.(18)
La Ley Núm. 47-2009 tiene como política pública formular e implantar iniciativas que le permitan a la Rama Judicial alcanzar sistemas administrativos y operacionales de vanguardia para garantizar el sistema accesible y ágil que se espera.(19) Uno de los cambios más significativos que introdujo dicho estatuto es el establecimiento de un nuevo sistema de pago. Para simplificar el proceso, por ejemplo, se estableció un pago único en la primera comparecencia de cada parte en causas civiles presentadas ante el Tribunal de Primera Instancia, el Tribunal de Apelaciones y el Tribunal Supremo. De esa forma, se eliminaron los aranceles que se debían adherir a cada moción o *175 escrito presentado con posterioridad a la presentación ini-cial de la acción o recurso judicial.(20)
Además, el Art. 3 de la Ley Núm. 47-2009 establece la facultad de este Tribunal para disponer, mediante resolución, los derechos que habrán de pagarse. Debido a que el poder de imponer contribuciones es uno de jurisdicción exclusiva de la Asamblea Legislativa, cualquier resolución emitida por este Tribunal que resulte en la modificación de los derechos pagados por los ciudadanos para tramitar acciones civiles será remitida ante las Secretarías de ambos Cuerpos Legislativos para su aprobación.(21)
Así, pues, el 24 de septiembre de 2010 emitimos una Resolución en la que se adoptaron los nuevos derechos arancelarios pagaderos a los(as) Secretarios(as), los(as) Al-guacilescas) y a otro personal de la Rama Judicial con fun-ciones de recaudación para la tramitación de acciones civiles. En lo pertinente al caso de autos, el inciso (N) de dicha resolución establece que “[p]or cada escrito de Revi-sión de Decisiones Administrativas en el Tribunal de Ape-laciones [se pagarán] $85”. (Énfasis nuestro).(22) De lo anterior, surge que la presentación de un solo escrito de Revisión de Decisiones Administrativas pagará $85 y las posteriores mociones o escritos relacionados al primer es-crito presentado no pagarán aranceles adicionales.
La See. 5 de la Ley Núm. 17 de 11 de marzo de 1915, según enmendada,(23) dispone:

See. 1481. Documentos serán nulos si no tienen sellos

Todos y cada uno de los documentos o escritos que requieran el pago de derechos para su presentación ante el tribunal se-rán nulos y sin valor y no se admitirán como prueba en juicio *176 a menos que dicho pago esté debidamente evidenciado, con-forme a las normas que a tales fines establezca el(la) Juez(a) Presidente(a) del Tribunal Supremo o la persona en quien és-te(a) delegue.
En reiteradas ocasiones hemos establecido que las partes deben observar rigurosamente los requisitos reglamentarios para perfeccionar los recursos ante este Tribunal y ante el Tribunal de Apelaciones.(24) De igual modo, hemos hecho valer repetidamente el mandato estatutario de que es nulo e ineficaz un escrito judicial presentado sin los sellos de rentas internas que la ley ordena cancelar. (25) Esa obligación se extiende a los recursos apelativos. Con ello se persigue evitar la evasión tributaria que defrauda el fisco. (26)
La regla general que dispone la nulidad de los escritos judiciales presentados sin pagar los aranceles correspondientes tiene excepciones. La propia ley reconoce como excepción que una persona indigente queda exenta del pago de aranceles.(27) Nuestra jurisprudencia ha reconocido esa excepción.(28) A su vez, como corolario de lo anterior, hemos dispuesto también por excepción que si una persona solicita por primera vez en la etapa apelativa que se le permita litigar como indigente, sin que medie fraude o colusión de su parte, y el tribunal rechaza su petición, no se desestimará su recurso si presenta los aranceles corres-
*177 pondientes después de vencido el plazo apelativo, una vez se deniega la solicitud para litigar in forma pauperis.(29)
También hemos dispuesto como una excepción a la regla de nulidad que la desestimación no procede cuando la de-ficiencia arancelaria ocurre sin intervención de la parte ni intención de defraudar, sino por inadvertencia de un fun-cionario judicial, que acepta por equivocación un escrito sin pago alguno o por una cantidad menor de los aranceles que corresponden. (30) Tampoco es nulo el escrito judicial si la insuficiencia se debió a las instrucciones erróneas del Secretario del tribunal, sin intervención de la parte, colu-sión o intención de defraudar. (31)
Por eso, hemos señalado que “[s]i el propósito de la ley es proteger los derechos del estado y evitar fraudes al era-rio público, no parece lógico que una vez cubiertos los de-rechos, una parte que en nada se perjudica pueda aprove-charse del error alegando que la actuación judicial es nula desde su origen”.(32) Así, en estos casos, el error puede sub-sanarse por la parte que adeuda el pago del arancel.(33)
En cambio, cuando el error en el pago de aranceles se debe a la parte o su abogado no se reconoce excepción sino que estamos ante la situación que la ley regula: un docu-mento que carece de los aranceles correspondientes. Por disposición de ley, el documento es nulo y por consiguiente, carece de validez. Incluso, si un funcionario del tribunal acepta la insuficiencia “deliberadamente” comete delito menos grave. (34)
*178 III
En los casos de autos, la Asociación y Géminis presen-taron en dos ocasiones distintas dos recursos de revisión en conjunto, para revisar varias resoluciones administrativas diferentes y, además, pagaron un solo arancel por esos recursos.
A. En primer lugar, es importante señalar nueva-mente que aunque el Reglamento del Tribunal de Apelacio-nes no contiene una regla que regule específicamente la presentación conjunta de recursos que no sean apelaciones, nada impide que por analogía se permita la presentación de recursos conjuntos. Si el procedimiento de consolidación de esos recursos procede de la misma manera que en las apelaciones, lo mismo debe ocurrir con el procedimiento para presentarlos en conjunto. Es por ello que para deter-minar si la Asociación y Géminis presentaron correcta-mente los recursos de revisión conjuntos hay que realizar un análisis a la luz de los requisitos que dispone la Regla 17 del Reglamento del Tribunal de Apelaciones, supra, res-pecto a las apelaciones conjuntas y que adoptamos por analogía para los demás recursos.
En cuanto al primer requisito —que haya dos o más personas que tengan derecho a apelar— la Asociación y Géminis cumplen con el mismo. Aquí se trataba de dos programas de servicios de salud que alegan se vieron afec-tados por las resoluciones que emitió el Secretario del De-partamento de Salud con relación a la concesión de los CNC a unas farmacias. De esa forma, tanto la Asociación como Génesis tenían el derecho de apelar las resoluciones.
Por su parte, el segundo requisito dispone que se pre-tenda apelar la misma sentencia o, como en los casos de autos, la misma resolución. Es ese requisito el que la Aso-ciación y Géminis no cumplen. Los recursos de revisión presentados conjuntamente provenían de resoluciones *179 diferentes. Es por eso que no procedía la presentación de los recursos de revisión de manera conjunta. El único me-canismo que la Asociación y Géminis tenían disponible era el dispuesto en la Regla 80.1 del Reglamento del Tribunal de Apelaciones, supra. Estas tenían que presentar cada uno de sus recursos de revisión por separado y, una vez presentados, entonces podían solicitarle al tribunal la con-solidación de los recursos. Luego de evaluar los recursos y las circunstancias particulares de los casos, el Tribunal de Apelaciones podía emitir una orden, si entendía que la con-solidación procedía para acelerar la resolución de las dis-putas y evitar resultados incompatibles.
La presentación de cada recurso individualmente es una medida necesaria para promover una buena adminis-tración de la justicia. De lo contrario, esta concesión provo-caría múltiples repercusiones negativas que afectarían dicho principio rector. Permitir la presentación de recursos sobre decisiones diferentes se prestaría a que las partes comenzaran a presentar apelaciones y recursos conjuntos sobre resoluciones o sentencias diferentes a base de su pro-pio criterio. Ello, tendría el efecto de que se presenten re-cursos conjuntos sobre resoluciones o sentencias con con-troversias de hecho o derecho diferentes sin el juicio del foro apelativo.
Las partes no tienen autoridad para consolidar casos; eso es una facultad exclusiva del tribunal. Permitir una actuación como esa atrasaría los procedimientos en el tribunal, pues los jueces podrían encontrarse con casos que aunque las partes consideren que son consolidables en rea-lidad no lo sean. Además, si los recursos presentados en conjunto no guardan relación entre sí, ¿qué acción tendría que tomar el Tribunal de Apelaciones? ¿Tendría que devol-verlos y pedir a las partes la presentación de cada uno por separado? Evidentemente esto provocaría serios efectos administrativos y jurisdiccionales.
B. Una vez determinado que la Asociación y Géminis *180 no podían presentar los recursos de revisión administra-tiva en conjunto, resta por atender cuál es el efecto que tiene el pago de un solo arancel. En cuanto al pago de aran-celes, ya hemos mencionado que nuestro ordenamiento es-tablece el sistema de pago único en la primera compare-cencia.(35) Específicamente, el pago correspondiente por cada escrito de revisión de decisiones administrativas en el Tribunal de Apelaciones es de $85.(36) En los casos de autos, la Asociación y Géminis presentaron un solo arancel por cada recurso en conjunto. Sin embargo, conforme al derecho expuesto estas tenían que presentar cada recurso de revisión por separado y pagar el arancel para cada uno de ellos.
La Asociación y Géminis alegan que la presentación en conjunto se debió al hecho de que presentar los recursos de forma separada sería muy oneroso para ellas. Por su parte, las farmacias opuestas al recurso de revisión solicitaron al Tribunal de Apelaciones la desestimación por falta de ju-risdicción, ante la insuficiencia arancelaria. El funda-mento de ese argumento se centró en la nulidad de un escrito judicial al cual no se le han adherido los sellos correspondientes. Ello tendría la consecuencia de que si los aranceles no se presentan dentro del plazo aplicable a la presentación del recurso, el tribunal no tendría jurisdic-ción para entender en el caso y las partes quedarían des-provistas de remedios. Sin embargo, como ya hemos re-suelto, la norma no es tan rígida y automática. Es decir, en circunstancias en las que no haya mediado fraude o colu-sión, un escrito que no pagó los aranceles correspondientes no será nulo sino anulable.(37)
En los casos de autos, no encontramos elementos que nos convenzan que en la actuación de la Asociación y Gé-minis haya mediado fraude o colusión. De hecho, de los *181 2autos del caso CC-2011-845 surge una moción que se pre-sentó en el Tribunal de Apelaciones junto con el Recurso de Revisión en el que la representación legal de las apelantes expresó que acompañaba la moción con el arancel adicional.
En cuanto al caso CC-2011-927, surge de los autos que las apelantes siempre estuvieron dispuestas a presentar los aranceles adicionales, si así lo ordenaba el Tribunal. En su escrito de oposición a la moción de desestimación la Aso-ciación le solicitó al Tribunal de Apelaciones que le permi-tiera pagar los aranceles que dicho foro determinara. La Asociación argüyó, además, que canceló la cantidad de aranceles que le indicó la Secretaría del tribunal. El Tribunal de Apelaciones, por su parte, no emitió orden al respeto y autorizó la consolidación.
Lo anterior refleja que el foro apelativo intermedio aceptó el pago de los aranceles, tal y como fue realizado por las apelantes, e incluso autorizó la consolidación de los recursos. El Tribunal de Apelaciones erró en su aprecia-ción; las partes apelantes sí tenían que presentar los aran-celes correspondientes al resto de los recursos. No obs-tante, esa actuación del tribunal, en conjunción con la falta de claridad en la norma respecto a la presentación de re-cursos conjuntos, contribuyó a que las partes no cumplie-ran cabalmente con los requisitos de ese tipo de recurso. Por lo tanto, no pagaron los aranceles correctamente.
Al considerar que la actuación de la Asociación y Gémi-nis no estuvo marcada por el fraude, sino que fue provo-cada por una imprecisión del reglamento del tribunal, y que la Secretaría aceptó inicialmente la omisión de la to-talidad de los aranceles, estamos ante una de las excepcio-nes que admite la jurisprudencia: cuando por error que no es atribuible a la parte, y sin que medie fraude o colusión, el tribunal la exime de pagar.
C. Ahora bien, valga aclarar que la controversia del caso de autos se produjo por la situación particular de que *182 había interpretaciones variadas sobre la legalidad de la presentación consolidada de recursos de revisión administrativa. Sin embargo, ante esas circunstancias par-ticulares y al alto sentido de justicia, disponemos que a pesar de que los recursos fueron presentados errónea-mente en conjunto, permitiremos que se mantengan los re-cursos consolidados y se continúen los procedimientos apelativos. Esta norma es de carácter prospectivo.
Resuelto esto, procede que se presenten los aranceles restantes y se continúen los procedimientos apelativos. No estamos abriendo la puerta a litigantes inescrupulosos, que utilizando como excusa una interpretación de un regla-mento o ley, incumplan con el requisito de pagar los aran-celes que la ley exige. Interpretada la disposición regla-mentaria acerca de las apelaciones conjuntas, en los casos subsiguientes los litigantes a nivel apelativo tendrán que cumplir fielmente los requisitos aquí dispuestos. Su incum-plimiento, incluyendo la falta de pago de aranceles, pu-diera en su día privar de jurisdicción al Tribunal de Apelaciones.
IV
Por los fundamentos antes expuestos, concluimos que no se pueden presentar recursos conjuntos para revisar resoluciones administrativas de casos diferentes. Cada resolución tiene que revisarse mediante la presentación de un recurso de revisión por separado y con la cancelación de los respectivos aranceles. Una vez presentados los recursos, el Tribunal de Apelaciones puede motu proprio o a solicitud de parte, ordenar la consolidación de estos. Sin embargo, aunque en este caso la Asociación y Géminis debieron presentar los recursos de revisión por separado, la norma pautada es de carácter prospectivo, por lo que se sostendrá la consolidación. Asimismo, a base de la excep- *183 ción aplicada, los aranceles tendrán que ser cancelados. Así, pues, se expide el auto de “certiorari” y se revoca la resolución del Tribunal de Apelaciones en cuanto al pago de aranceles. En contraste, ante las circunstancias particula-res del caso de autos, se confirma la decisión del Tribunal de Apelaciones de consolidar los casos, aunque por otros fundamentos. Por consiguiente, se devuelven los casos a ese foro para que ordene a las apelantes (la Asociación y Gémi-nis) el pago de los aranceles correspondientes y continúen los procedimientos.

Se dictará sentencia de conformidad.

El Juez Presidente Señor Hernández Denton disintió e hizo constar la expresión siguiente: “Disiento por entender que el Reglamento del Tribunal de Apelaciones no permite la presentación de un recurso mediante el cual se solicita la revisión de dos o más resoluciones administrativas. Por consiguiente, el Tribunal de Apelaciones no tenía jurisdic-ción para atender los recursos de revisión presentados por los recurridos, razón por la cual estos recursos deben ser desestimados”. La Jueza Asociada Señora Pabón Charneco no interviene.

 Apéndice de la Petición de certiorari, CC-2011-845, Ira pieza, pág. 19.

 íd, pág. 20.

 Íd., pág. 7.

 Íd., pág. 9.

 Crespo Quiñones v. Santiago Velázquez, 176 D.P.R. 408 (2009).

 Vives Vázquez v. E.L.A., 142 D.P.R. 117 (1996).

 4 L.P.R.A. Ap. XII-B.

 Apéndice de la Petición de certiorari, CC-2011-927, Ira pieza, pág. 9.

 Regla 2 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B.

 Además, la Regla 25 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, dispone respecto a casos criminales que: “Si dos o más personas tuvieren derecho a apelar una sentencia y sus derechos fueran tales que la acumulación fuere factible, podrán presentar un escrito de apelación conjunto y podrán comparecer subsiguientemente como una sola parte apelante. Las apelaciones de una sentencia podrán ser consolidadas por orden del Tribunal de Apelaciones expedida por inicia-tiva propia o a solicitud de parte”.

 Vives Vázquez v. E.L.A., supra, págs. 125-126.

 Hosp. San Fco., Inc. v. Sria. de Salud, 144 D.P.R. 586, 593 (1997); Vives Vázquez v. E.L.A., supra, pág. 136.

 Vives Vázquez v. E.L.A., supra, pág. 142.

 Hosp. San Fco., Inc. v. Sria. de Salud, supra, pág. 594; Vives Vázquez v. E.L.A., supra.

 Hosp. San Fco., Inc. v. Sria. de Salud, supra.

 Gran Vista I v. Gutiérrez y otros, 170 D.P.R. 174, 188 (2007).

 32 L.P.R.A. see. 1477 et seq.

 Íd.

 Exposición de Motivos, Ley Núm. 47-2009.

 Art. 2 de la Ley Núm. 47-2009 (32 L.P.R.A. see. 1477 n.).

 Art. 3 de la Ley Núm. 47-2009, supra.

 In re Aprobación Der. Arancelarios R.J., 179 D.P.R. 985, 988 (2010).

 32 L.P.R.A. sec. 1481.

 Véanse: García Ramis v. Serrallés, 171 D.P.R. 250 (2007); Pellot v. Avon, 160 D.P.R. 125 (2003); Arriaga v. F.S.E., 145 D.P.R. 122 (1998); Matos v. Metropolitan Marble Corp., 104 D.P.R. 122 (1975).

 Gran Vista I v. Gutiérrez y otros, supra; Meléndez v. Levitt & Sons of P.R., Inc., 106 D.P.R. 437 (1977); Maldonado v. Pichardo, 104 D.P.R. 778 (1976); Piñas v. Corte Municipal, 61 D.P.R. 181 (1942); Nazario v. Santos, Juez Municipal, 27 D.P.R. 89 (1919).

 Gran Vista I v. Gutiérrez y otros, supra; Salas v. Baquero, 47 D.P.R. 108 (1934).

 Sec. 6 de la Ley Núm. 17 (32 L.P.R.A. sec. 1482).

 Torres v. Rivera, 70 D.P.R. 59 (1949); Parrilla v. Loíza Sugar Company, 49 D.P.R. 597 (1936); Sucn. Juarbe v. Pérez, 41 D.P.R. 114 (1930); Rosado v. American Railroad Co., 37 D.P.R. 623 (1928).

 Gran Vista I v. Gutiérrez y otros, supra.

 Salas v. Baquero, supra.

 Cintrón v. Yabucoa Sugar Co., 52 D.P.R. 402 (1937).

 Salas v. Baquero, supra, pág. 114. Véase, además, Gran Vista I v. Gutiérrez y otros, supra, pág. 189.

 Gran Vista I v. Gutiérrez y otros, supra, pág. 190.

 See. 4 de la Ley Núm. 17 (32 L.RR.A. see. 1480).

 Art. de la Ley Núm. 47-2009, supra.

 In re Aprobación Der. Arancelarios R.J., supra.

 Gran Vista I v. Gutiérrez y otros, supra.